Filing # 146562528 E-Filed 03/28/2022 04:32:07 PM

## IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

Samantha Rivera,

*Plaintiff*,

v.

Phoenix Financial Services, LLC,

*Defendant.*

Case No: _____

**JURY TRIAL DEMANDED**

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Samantha Rivera** ("**Ms. Rivera**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Phoenix Financial Services, LLC** ("**Phoenix**"), stating as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages not exceeding $8,000, brought by Ms. Rivera against Phoenix for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes, *et seq.* ("**FCCPA**").

### JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3.     Phoenix is subject to the provisions of the FDCPA, the FCRA, and the FCCPA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.     Venue is proper in Pasco County, Florida, because the acts complained of were committed and / or caused by the Defendant therein.

## PARTIES

5.     Ms. Rivera is a natural person residing at **1890 Sweetbroom Circle, Lutz, Pasco County, Florida**.

6.     Ms. Rivera is a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3), the FCRA, 15 U.S.C. §1681a(c), and the FCCPA, Section 559.55(8), Florida Statutes.

7.     Phoenix is an Indiana limited liability company with a principal business address of 11100 USA Parkway, B-100, Fishers, IN 46037.

8.     Phoenix is registered as a limited liability company in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

9.     Phoenix is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses an instrumentality of commerce, including the postal mail, interstate and within the State of Florida, for its business, the principal purpose of which is the collection of debts, and/or Phoenix regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10.     Phoenix is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("**CCA**"), holding license number **CCA9903427**.

11.     As a licensed CCA, Phoenix knows, or should know, the requirements of the FDCPA, the FCCPA, and the FCRA.

## FACTUAL ALLEGATIONS

12.     Sometime in 2018, Ms. Rivera received emergency medical treatment from Tampa Bay Emergency Physicians ("**TBEP**").

13.     TBEP later claimed Ms. Rivera owed an amount of $1,025 over and above what her insurance paid for her treatment (the "**Debt**").

14.     The Debt arose from services which were for family, personal, or household purposes, *specifically* medical services, and therefore meets the definitions of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

15.     Ms. Rivera disputes owing the Debt.

16.     In October 2021, TBEP, or a successor-in-interest to TBEP, placed the Debt with Phoenix for collection.

17.     Upon assignment, TBEP or the successor-in-interest provided details about the alleged Debt to Phoenix, *i.e.*, that the Debt was not the result of a credit transaction in which services or other consideration were provided to Ms. Rivera on a mutually agreed-upon deferred payment basis.

18.     On October 6, 2021, Phoenix requested a consumer credit report on Ms. Rivera from Experian Information Solutions, Inc. ("**Experian**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"), to facilitate its efforts in collecting the Debt from Ms. Rivera.

19.     This request was recorded by Experian. **SEE PLAINTIFF'S EXHIBIT A.**

20.     To lawfully request a *Credit Bureau Report* ("**CBR**") from a CRA, a debt collector must be collecting a debt which arises from a *Credit Transaction* involving the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A); *Pigg v. Fair Collections & Outsourcing, Inc.*, No. 1:16-CV-01902-JMS-DML, 2017 WL 3034266, at *4 (S.D. Ind. July 18, 2017) (holding that a debt collection agency

did not have a permissible purpose because, even where a debt exists, a "credit transaction is a necessary prerequisite" for § 1681b(a)(3)(A)).

21.    A *Credit Transaction* involving the consumer is one in which the consumer voluntarily participates and enters into an agreement to receive goods or services in advance of payment, with the consent of both parties. *See Pintos v. Pacific Creditors Association*, 504 F. 3d 792, 798 (9th Cir. 2007); *Miller v. Trans Union LLC*, No. 06 C 2883 at *7 (N.D. Ill. Feb. 28, 2007); *Rodriguez v. Experian Info. Sols., Inc.*, Case No. C15-01224RAJ, at *9 (W.D. Wash. Jul. 25, 2016).

22.    Neither the medical services, nor any transaction between Ms. Rivera and TBEP, constituted an extension of credit, *i.e.*, one in which the consumer voluntarily participated and entered into an agreement to receive goods or services in advance of payment, with the consent of both parties.

23.    Thus, while the amount claimed owed by TBEP may constitute a "consumer debt," it is not a *Credit Transaction* involving the consumer. *Laramore v. Ritchie Realty Mgmt. Co.*, 397 F.3D 544, 546 (7th Cir. 2005).

24.    Debt collection is a permissible reason for obtaining a credit report only when a debt arises from a transaction in which the debtor voluntarily and directly seeks credit. *Baron v. Mark A. Kirkorsky, P.C.* (Case No. 17-cv-01118, U.S.D.C., District of Arizona).

25.    As such, the Debt did not arise from a *Credit Transaction* involving the consumer.

26.    Phoenix thus lacked a permissible purpose for obtaining a credit report regarding Ms. Rivera.

27.   Phoenix specializes in collecting medical debt – often for emergency medical services providers – and thus knew, or should have known, the nature of the underlying Debt, but it nonetheless requested a CBR regarding Ms. Rivera.

28.   To obtain a CBR from a CRA, the requesting party must certify its permissible purpose to the CRA.

29.   Phoenix thus falsely certified to Experian that it had a permissible purpose under the FCRA to obtain Ms. Rivera's report – *e.g.,* that the Debt involved a Credit Transaction.

30.   Phoenix's request for Ms. Rivera's credit report was in connection with its collection of the Debt.

31.   Indeed, the Experian report contained information which Phoenix used, or could have used, to collect the Debt from Ms. Rivera.

32.   Ms. Rivera has been damaged in that her personal and highly confidential information has been obtained by an entity with whom she did not consent and had no other permissible purpose to obtain such information.

33.   Phoenix requests consumer credit histories it has no permissible purpose to obtain on a large number of consumers, of which Ms. Rivera is but one example.

34.   Ms. Rivera has hired the aforementioned law firm to represent her in this matter and has assigned her right to recover fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e

35.   Ms. Rivera adopts and incorporates paragraphs 1 – 34 as if fully restated herein.

36.   Phoenix violated **15 U.S.C. § 1692e** when it certified to Experian that the Debt *did* stem from a credit transaction involving Ms. Rivera, when it did not.

37.   Phoenix's actions render it liable for the above-stated violations of the FDCPA, and Ms. Rivera is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT II
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(10)

38.   Ms. Rivera adopts and incorporates paragraphs 1 – 34 as if fully restated herein.

39.   Phoenix violated **15 U.S.C. § 1692e(10)** when it certified to Experian the Debt did stem from a credit transaction involving Ms. Rivera, when it did not, in order to obtain information concerning Ms. Rivera it was not legally entitled to. Phoenix then used this information in connection with the collection of a Debt.

40.   Phoenix's actions render it liable for the above-stated violations of the FDCPA, and Ms. Rivera is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT III
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(2)(a)

41.   Ms. Rader adopts and incorporates paragraphs 1 – 34 as if fully restated herein.

42.   Phoenix violated **15 U.S.C. § 1692e(2)(a)** when it certified to Experian the Debt did stem from a credit transaction involving Ms. Rivera, when it did not, in order to obtain information concerning Ms. Rivera it was not legally entitled to. Phoenix then used this information in connection with the collection of a Debt.

43.   Phoenix's actions render it liable for the above-stated violations of the FDCPA, and Ms. Rivera is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT IV
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(8)

44.   Ms. Rader adopts and incorporates paragraphs 1 – 34 as if fully restated herein.

45.   Phoenix violated **15 U.S.C. § 1692e(8)** when it communicated credit information to Experian which was, or should have been, known to be false, to wit, the debt stemmed from a credit transaction involving Ms. Rivera when it did not.

46.   Phoenix's actions render it liable for the above-stated violations of the FDCPA, and Ms. Rivera is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT V
## VIOLATIONS OF THE FCRA – 15 U.S.C. § 1681b(f)

47.   Ms. Rivera adopts and incorporates paragraphs 1 – 34 as if fully stated herein.

48.   Phoenix violated **15 U.S.C. § 1681b(f),** either willfully and intentionally or recklessly and without regard for a consumer's rights, when it obtained a credit report from Experian regarding Ms. Rivera at a time when it did not have a permissible purpose for doing so, as the Debt did not arise from a credit transaction involving Ms. Rivera.

49.   Phoenix's conduct renders it liable under the FCRA to Ms. Rivera in a statutory amount up to $1,000 per incident, plus other relief.

## COUNT VI
## VIOLATIONS OF THE FCCPA – FLA. STAT. § 559.72(9)

50.   Ms. Rivera adopts and incorporates paragraphs 1 – 34 as if fully stated herein.

51.   Phoenix violated **Section 559.72(9), Florida Statutes**, when, while attempting to collect a debt, it asserted legal rights which do not exist, specifically, the right to obtain a CBR regarding Ms. Rivera from Experian for collection purposes, when the Debt did not arise from a credit transaction involving Ms. Rivera. Phoenix obtained information it was not legally entitled to, and then used this information in connection with the collection of a Debt.

52.   Phoenix's conduct was willful and intentional, or alternatively done with a reckless disregard for Ms. Rivera's rights under the FCCPA.

53.   Phoenix's actions render it liable for the above-stated violations of the FCCPA, and Ms. Rivera is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Rivera respectfully requests this Honorable Court enter judgment in her favor, and against Phoenix, for:

a.   Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.   Statutory damages of **$1,000.00**, pursuant to Section 559.77(2), Florida Statutes;

c.   Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d.   Actual damages;

e.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), Florida Statute § 559.77(2), 15 U.S.C. § 1681n(a)(3), and / or 15 U.S.C. § 1681o(a)(2); and,

f.   Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Rivera hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **March 28, 2022**, by:

SERAPH LEGAL, P. A.

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
TBonan@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230 (Ext: 302)
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A     Ms. Rivera's Experian Consumer Disclosure, February 22, 2022, Phoenix Inquiry - Excerpt

# EXHIBIT A
## Ms. Rivera's Experian Consumer Disclosure, February 22, 2022, Phoenix Inquiry – Excerpt

2/22/22, 5:47 PM                    Experian - Access your credit report

SAMANTHA RIVERA | Report number [REDACTED] | February 22, 2022 | Print | Close window

### Print your report

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access.

**Address**
Experian
P.O. Box 9701 Allen, TX 75013

CONSUMER REPORT VIEWS/SOFT INQUIRIES ⑦

**Account name**
PHOENIX FINANCIAL SERVIC

8902 OTIS AVE STE 103A
INDIANAPOLIS, IN 46216
855 342 6567

**Date of request(s)**

10/06/2021
03/18/2021